IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DAVID J BYRNES,

    Plaintiff,

v.                                          CASE NO. 1:05-cv-00046-MP-AK

BILL S BAXTER, et al,

    Defendants.

_____/

**O R D E R**

    This matter is before the Court on Plaintiff's Motion to Appoint Counsel, for Copies of Previously Filed Pleadings, for Copies of Local Rules, and for Court Ordered Access to Law Library.  (Doc. 5).  Also before the Court is Plaintiff's complaint for review.  (Doc. 1).

    Initially, the Court notes that Plaintiff has another lawsuit pending against many of the same Defendants, but based on different claims.  See Byrnes v. Baxter, 1:05CV62-MMP/AK.  Many of the problems noted with regard to that lawsuit apply to the present complaint as well, and Plaintiff shall refer to the Order entered on July 19, 2005, for guidance in amending the present complaint.  Likewise, the Court is denying Plaintiff's motion regarding counsel, copies and the law library for the same reasons. Appointment of counsel in a 1983 suit is not a right, it is a privilege and is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner.  Fowler v. Jones, 899 F.2d 1088 (11th Cir. 1990).  Until Plaintiff files a viable complaint, appointment of counsel is not warranted.  Further, the Court will direct the Clerk to send Plaintiff a copy

of his original complaint, but it is not required to provide copies of his entire file and send it to him without prepayment of copying costs. If he wishes to arrange for this copying, he should write a letter to the Clerk's Office about this. Also, the Court is not required to mail him copies of local rules and will not order access to the law library since no legal research is required at this time. Consequently, Plaintiff's motion (doc. 5) is denied.

Plaintiff has filed his complaint on a form for non-prisoners, yet he states on other forms that he is in the Pasco County Jail and has provided an inmate number. His other case has been treated as if he is a prisoner. He lists his address at what appears to the Court to be a free world address, but his complaints all stem from treatment (or lack thereof) by persons at the North Florida Evaluation and Treatment Center in Gainesville. As far as the Court knows only incarcerated persons are treated at this facility. Regardless, it is Plaintiff's responsibility to explain these facts to the Court and on the proper forms. Thus, the Clerk shall mail to Plaintiff a complaint form for prisoners asserting claims under 42 U.S.C. §1983. Using that form, Plaintiff shall attempt to set forth his claims against each defendant more clearly and identify what constitutional right he claims each one violated. As far as the Court can tell, Plaintiff is complaining that these persons did not allow him certain materials for the blind that he had been approved to receive and that he may have been denied eye care. He purports to state a Title II claim under the Americans with Disabilities Act, but also states that they acted under color of state law to deny him constitutional rights which would be a claim under 42 U.S.C. §1983. Plaintiff shall make clear what his claims are and under what constitutional or federal law he is asserting them.

*Case No: 1:05-cv-00046-MP-AK*

Finally, if Plaintiff is in the Pasco County Jail, he shall advise the Court in the appropriate section of the form complaint what efforts he has made to exhaust the grievance system at that facility or at NFRTC.  He shall attach copies of these efforts to his amended complaint.  Section 1997e(a) provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  This requirement is mandatory, and may not be waived.  Alexander v. Hawk, 159 F.3d 1321, 1326 (11th Cir. 1998).

If Plaintiff is able to file an amended complaint, he must name as Defendants only those persons who are responsible for the alleged constitutional violations.  Plaintiff must place their full names in the style of the case on the first page of the civil rights complaint form and in the other appropriate sections of the form.  Further, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation.  In civil rights cases, more than conclusory and vague allegations are required to state a cause of action.  See, e.g., Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984).  In presenting his claims, Plaintiff must set forth each allegation in a separately numbered paragraph, as it is essential that the facts relating to each Defendant be set out clearly and in detail.

To amend his complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "Amended Complaint."  Plaintiff is advised that the amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original or amended complaints.  An amended complaint completely replaces all

previous complaints and all earlier complaints are disregarded.  N.D. Fla. Loc. R. 15.1.  Plaintiff should file the amended complaint in the Court and keep one identical copy for himself.  Plaintiff need not file service copies until instructed to do so by the court.

Accordingly, it is hereby

**ORDERED:**

1.  Plaintiff's motion (doc. 5) is **DENIED**.

2.  The clerk of court shall forward to Plaintiff a copy of his original complaint and another Section 1983 form for prisoners asserting claims under 42 U.S.C. §1983.

3.  Plaintiff must respond to this order by **August 19, 2005.**

4.  **Failure of Plaintiff to respond to this order or submit the requested information or explain his inability to do so will result in a recommendation to the District Judge that this action be dismissed.**

**DONE AND ORDERED** this **20th** day of July, 2005.


s/ A. KORNBLUM
**ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE**

*Case No: 1:05-cv-00046-MP-AK*